

FILED
Aug 15, 2025
09:00 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD


# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Linda Mueller | ) Docket No. 2023-03-5833 |
| | ) |
| v. | ) State File No. 58314-2023 |
| | ) |
| CSL Plasma, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Certified as Final

---

This is one of four concurrent appeals filed in four separate causes of action, all of which concern the trial court's decision to grant the employer's motions for summary judgment and dismiss all four claims. In this claim, the employee alleges an injury to her shoulders and neck. The employer denied the claim on several grounds, including late notice and a lack of evidence of medical causation. The employer sought a review of the employee's medical records by an expert, who testified that the employee's condition was degenerative in nature and was not primarily caused by her employment. In response to the employer's motion for summary judgment, the employee failed to offer any admissible evidence that would create a genuine issue of material fact as to the cause of her alleged condition, and the trial court granted the motion. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Linda Mueller, Knoxville, Tennessee, employee-appellant, pro se

Jennifer Caywood Schmidt, Knoxville, Tennessee, for the employer-appellee, CSL Plasma

1

Linda Mueller ("Employee") previously worked for CSL Plasma ("Employer") as a lab technician and has four pending appeals in four separate claims against Employer. On August 23, 2023, Employee filed a petition for benefit determination claiming she had suffered repetitive use injuries to her shoulders and neck at work with a date of injury of April 27, 2023. Employer had formally denied the claim on August 22, 2023, stating, "This claim is fully denied as there is no evidence of a work injury, pre-existing condition, untimely report and right to reserve." Although the parties attended mediation and reached a tentative global settlement of all four of Employee's claims, that settlement was never approved by the court, and a dispute certification notice was issued.

In response to Employee's claim, Employer retained Dr. Jeffrey Hazlewood to conduct a medical records review. Dr. Hazlewood prepared a report summarizing his findings and opinions on November 11, 2024. Thereafter, Employer deposed Dr. Hazlewood, who testified he had reviewed approximately 250-300 pages of records and concluded Employee did not suffer a traumatic injury or a repetitive use injury to her shoulders or neck at work on April 27, 2023. He further stated Employee had reported "chronic cervical . . . pain on multiple occasions in the past and had pre-existing degenerative spine disease." Dr. Hazlewood reviewed several imaging studies, and he testified those studies showed Employee had degenerative spine disease in the cervical spine with no indication of a recent traumatic structural change. Finally, he testified that there was no "mechanism of injury" on April 27, 2023, that "should cause a structural problem."

Following Dr. Hazlewood's deposition, Employer filed a motion for summary judgment and a statement of undisputed material facts, relying primarily on Dr. Hazlewood's opinion as the basis for its motion. Employee filed a response to the motion and disputed two of the facts included in Employer's statement of undisputed facts as follows:

4.     [Employer] denied the claim on August 22, 2023, based on no medical evidence of injury, pre-existing condition, and untimely reporting.

Response:   Not agreed-Disputed Verbal notification to Supervisor Designee – Lynn Senter, Traveler[']s suspected additional injuries with placing right to reserve[.]

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

. . . .

15.     [Employee] has not offered any medical evidence that she sustained an injury within the course and scope of her employment.

Response:    Not Agreed – Disputed medical facts as documented[.][2]

After a hearing on Employer's motion, which Employee attended, the trial court issued an order on April 9, 2025, granting Employer's motion for summary judgment and dismissing the claim. The trial court determined that Employer had negated an essential element of Employee's claim, *i.e.*, causation, and that Employee had submitted no evidence at the summary judgment stage to show that her alleged shoulder and neck complaints and/or repetitive use injuries arose primarily out of and in the course and scope of her employment.

We review the grant or denial of a motion for summary judgment *de novo* with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In her notice of appeal, Employee identifies the issues on appeal as "dispute facts presented by Dr. Hazlewood, provide medical evidence, [and] attorney conduct." Employee filed one brief to address all four of her separate appeals in which she argues that the court erred in granting Employer's motion for summary judgment. She also asserted that the court and the attorneys representing Employer and the Subsequent Injury and Vocational Recovery Fund ("the Fund") treated her improperly.[3]

In regard to the first issue, although Employee filed a response to Employer's motion and to some of Employer's statements of undisputed fact, she did not come forward with any evidence refuting Dr. Hazlewood's opinions and did not adequately establish any genuine issues of material fact that would necessitate a trial. We agree with the trial court that the medical causation opinion Employer obtained from Dr. Hazlewood negated an essential element of Employee's claim. As such, in accordance with Rule 56.04, the burden

---

[2] Employee then listed several different dates of various objective studies and summarized their purported findings, all of which occurred prior to the date of her reported injury. She also provided a synopsis of a form completed by her primary care physician on May 23, 2024, indicating Employee could not perform her usual work due to a risk of worsening her "pain and physical capabilities." Finally, she summarized an undated Functional Capacity Evaluation. None of the records were in an admissible form pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, and they were not considered by the trial court.

[3] The Fund is not a party to this particular claim.

3

of production shifted to Employee to allege specific facts and come forward with sufficient evidence that could lead a trier of fact to find in her favor on the issue of medical causation. *See Rye*, 477 S.W.3d at 265. Employee did not meet that burden.

At the motion hearing, Employee attempted to rely on various medical records she had previously filed, but, as the trial court correctly stated, medical records, standing alone, are not appropriate for consideration in response to a motion for summary judgment. *See Thomas v. 10 Roads Express, LLC*, No. 2021-08-0819, 2023 TN Wrk. Comp. App. Bd. LEXIS 17, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2023) (clarifying that, in the context of a motion for summary judgment, a trial court can only consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" as specified by Rule 56.04 of the Tennessee Rules of Civil Procedure). Furthermore, Employee admitted at the hearing that she did not have an expert medical opinion that her alleged injuries or current low back condition were primarily caused by the April 27, 2023 work incident. In short, we conclude the trial court correctly determined that Employer negated an essential element of Employee's claim and that Employee did not come forward with sufficient proof to create a genuine issue of material fact regarding medical causation.

Relative to the second issue, Employee asserts that the court, Employer's counsel, and counsel for the Fund treated her inappropriately, citing delays due to the unavailability of an expert testifying for Employer, a lack of response to her emails by the attorneys, and her perception that the trial judge showed preferential treatment to the attorneys for Employer and the Fund. We conclude, however, that Employee has failed to identify with any specificity the allegedly prejudicial actions taken by the attorneys or the court. A court's unfavorable decision, standing alone, is not evidence of prejudice or bias. *See, e.g.*, *Limbaugh v. Mueller Refrigeration Co.*, No. M2007-00999-WC-R3-WC, 2008 Tenn. LEXIS 623, at *12 (Tenn. Workers' Comp. Panel Sept. 26, 2008). Furthermore, Employee has not asked for any type of relief for her complaints of unfair treatment. In the absence of a clear description of the prejudice or bias she claims to have suffered, any indication that she addressed the issue in the trial court, or a clear request for relief from that harm, the issue is deemed waived. *See Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (stating "in most instances, an issue raised for the first time on appeal will be deemed waived").

Accordingly, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Linda Mueller | ) | Docket No. 2023-03-5833 |
| | ) | |
| v. | ) | State File No. 58314-2023 |
| | ) | |
| CSL Plasma, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of August, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Linda Mueller | | | | X | lindamueller2@msn.com lindamueller480@gmail.com |
| Jennifer C. Schmidt | | | | X | jcschmid@travelers.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov

5